IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

PATRICIA TEASDELL,

    Plaintiff,

       v.

BALTIMORE COUNTY BOARD
OF EDUCATION, *et al*,

    Defendants.

CIVIL NO.: WDQ-13-107

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

MEMORANDUM OPINION

Patricia Teasdell, *pro se*, sued the Baltimore County Board
of Education (the "Board"), and others[1] (collectively, the
"defendants"), for violations of the Americans with Disabilities
Act of 1990, as amended ("ADA")[2] and the Health Insurance
Portability and Accountability Act of 1996, as amended
("HIPAA").[3]  Pending is the Board's unopposed motion for summary
judgment, or, to dismiss.  ECF No. 23.  No hearing is necessary.
Local Rule 105.6 (D. Md. 2014).  For the following reasons, the
Board's motion, construed as a motion for summary judgment, will
be granted.

---

[1] Teasdell also sued William Todd, Mike Eppig, and Michael Baker
(the "individual defendants").  ECF No. 2.

[2] 42 U.S.C. § 12-101 *et seq.*

[3] Codified in scattered sections of Titles 29 and 42 of the U.S.
Code.

I.   Background

A.   Facts[4]

Teasdell was a Building Service Worker assigned to various elementary schools for the Baltimore County Public Schools System, which is operated by the Board.  ECF No. 2 ¶¶ 1-2.  Todd is a Building Operation Supervisor, Eppig a Senior Operations Supervisor, and Baker a Field Representative for the Board.  *Id.* ¶¶ 3-5.  Teasdell's essential job functions include "[c]limb-[ing] a 25 foot ladder to replace lights, clean ceilings[,] and walls"; "[c]limb[ing] steps"; and other activities involving bending, stretching, and reaching.  ECF No. 23-4 at 1.

On June 23, 2011, Teasdell "fell over a rug" while cleaning at Milbrook Elementary School and injured her left knee.  ECF Nos. 2 ¶ 8; 23-5 at 1; 23-16 at 1.  Teasdell's primary care physician excused her from work from June 24 to June 28, 2011. ECF No. 23-16 at 1.  On June 29, Teasdell returned to light duty work. ECF Nos. 23-5 at 1; 23-16 at 1.

On August 5, 2011, Teasdell met with Baker and Todd about her lateness for work on three days when she had physical therapy.  ECF Nos. 2 ¶ 18; 23-6.  Baker memorialized the discussion in a letter to Teasdell, which stated that "[t]his

---

[4] Facts are from the complaint, the Board's motion, and its exhibits, ECF Nos. 2, 23. In reviewing a motion for summary judgment, the nonmovant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

letter is not a disciplinary action and is informational only";
Teasdell refused to acknowledge receipt by signing the letter.
ECF No. 23-6.[5]

On August 11, 2011, Todd took Teasdell's photograph while
she was cleaning.  ECF No. 23-16 at 1.  Todd explained that he
took the picture to prove that "[she] was faking [her] injury."
*Id.*

On November 11, 2011, during an inspection at Milbrook
Elementary School, Baker "told [Teasdell] that the school looked
good, except that there were a lot of lights out."  ECF No. 23-7
at 2.  Teasdell asked "if it was her job to change the lights";
Baker responded that it was.  *Id.*  According to Teasdell, she
"was threatened by [Baker] to climb a ladder to change a light
bulb . . . [or] he would personally terminate [her]."  ECF No.
23-16 at 1.  Teasdell told him she "had a doctor's note not to
climb ladders."  *Id.*  Baker swore that Teasdell "never mentioned
. . . that she had been suffering from a knee injury[,] or that
she feared that changing the light bulbs might" worsen her knee
injury.  ECF No. 23-7 at 2.  Baker never "threaten[ed] to
terminate her, and "[did] not have the independent authority to
recommend her termination."  *Id.*  Teasdell climbed the ladder,

---

[5] According to Teasdell, she refused to sign the letter "because
[she] was in therapy those days."  ECF No. 23-16 at 1.

changed the light bulbs, fell while descending, and reinjured her knee.  ECF No. 23-16 at 1.

Baker further swore that, on November 11, 2011, Teasdell "was not receiving any accommodations and . . . had no restrictions in place regarding her workload."  *Id.*  On November 15, 2011, Teasdell saw Angela Swinson, M.D., for a re-evaluation of her left knee after her fall from the ladder.  ECF No. 23-25 at 12.  Dr. Swinson noted that--as of October 4, 2011--Teasdell was discharged from medical care in connection with her June 23, 2011 injury, because "[a]t that time, her left hip and left knee were improved and . . . stable."  *Id.*  Dr. Swinson recommended that Teasdell take time off from work as a result of her worsening left knee symptoms.  *Id.*[6]

---

[6] On May 29, 2012, Teasdell again saw Dr. Swinson, who noted that Teasdell had been on light duty work.  ECF No. 23-25 at 10.  At Teasdell's request, Dr. Swinson discharged Teasdell from physical therapy and chiropractic treatment, and stated she could return to "regular work duties" the following day.  *Id.*  On June 5, 2012, Teasdell was seen by Stephen R. Matz, M.D.  *Id.* at 6.  Dr. Matz noted that, before June 23, 2011, Teasdell "was asymptomatic."  *Id.*  As a result of the June 23, 2011 injury, Teasdell had "intermittent left knee pain and swelling and intermittent left lateral hip pain."  *Id.* at 7.  Dr. Matz suggested that a "left knee arthroscopy may be reasonable," but stated that Teasdell was "able to perform her normal duties as custodian."  *Id.* at 9.  On June 11, 2012, Teasdell reinjured her left knee.  *Id.* at 1.  On June 19, 2012, Teasdell saw Mohammad Malik, M.D., who recommended total disability leave for two weeks.  *Id.* at 5.  On August 2012, Teasdell saw Dr. Matz, who recommended light duty work.  *Id.* at 1, 3.  On October 16, 2012, Dr. Malik recommended about three weeks of light duty work, with "no prolonged standing/walking."  *Id.* at 21.  Dr. Malik did not check the box to indicate that Teasdell is, or was, disabled.

B.   Procedural History

On November 15, 2012, Teasdell filed suit in the Circuit Court for Baltimore County, Maryland, alleging (1) "action for improper and illegal retaliation and conspiracy to commit retaliation," (2) violation of the ADA, and (3) violation of HIPAA.  ECF No. 2.  On January 9, 2013, the defendants removed to this Court.  ECF No. 1.

On January 16, 2013, the defendants moved to dismiss for failure to state a claim.  ECF No. 9.  On February 22, 2013, Teasdell moved to strike the defendants' motion asserting that she had not received the motion from them.  ECF No. 13.

On September 6, 2013, the Court granted in part, and denied in part, the defendants' motion to dismiss, and denied Teasdell's motion to strike.  ECF No. 17.  The Court granted the defendants' motion on (1) the ADA claims against the individual defendants because the ADA only permits actions against employers, (2) the retaliation claim for lack of subject matter jurisdiction, and (3) the HIPAA claim, because the statute does not contain a private right of action; the Court denied the motion on the hostile work environment claim.  ECF No. 16 at 8,

---

*Id.*  On July 26, 2013, Teasdell requested an ADA accommodation, to wit, using a cane and sitting as needed.  ECF No. 23-24 at 3. On July 29, 2013, Teasdell was terminated.  ECF No. 23-16 at 2.

12, 16, 18.[7]  Thus, the hostile work environment claim against the Board is the sole remaining claim.  *See* ECF No. 17 ¶ 1.

On May 5, 2014, the Board moved for summary judgment, or in the alternative, for dismissal of the hostile work environment claim.  ECF No. 23.  On May 22, 2014 Teasdell's response was due; no response has been received.

II.  Analysis

A.  Legal Standard for Summary Judgment

The Board's motion is captioned as a motion for summary judgment under Rule 56,[8] or to dismiss for failure to prosecute or comply with discovery.  In accordance with *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Teasdell was informed of her right to file a response to the motion, the opportunity to submit affidavits, declarations, and other documentary evidence, and the possibility of the loss of her suit if she did not oppose the motion.  *See* ECF No. 13.  As noted, Teasdell has not responded.  Because dismissal for failure to prosecute or to comply with discovery is an "extreme

---

[7] The Court concluded that, taken together, Todd's taking of Teasdell's photograph, and Baker's ordering of Teasdell to climb the ladder to change the light bulb, were sufficiently severe harassment to state a hostile work environment claim.  ECF No. 16 at 16.  The Court also dismissed Teasdell's claim for punitive damages.  *Id.* at 17.

[8] Fed. R. Civ. P. 56.

sanction,"[9] and this suit can be resolved on the merits, the Court will construe the motion as one for summary judgment.

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the opposing party must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp.*, 477 U.S. at 322-23. The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

B.   The Board's Motion

The Board contends that it is entitled to summary judgment because Teasdell has not shown a genuine dispute of material fact on any element of her hostile work environment claim. ECF No. 23-2 at 12.

---

[9] *See, e.g., Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008).

[10] Rule 56(a), which "carries forward the summary[]judgment standard expressed in former subdivision (c)," changed "genuine 'issue' [to] genuine 'dispute,'" and restored the word "'shall' . . . to express the direction to grant summary judgment." Fed. R. Civ. P. 56 advisory committee's note.

To prevail on an ADA hostile work environment claim, a plaintiff must prove: "(1) [she] is a qualified individual with a disability; (2) [she] was subjected to unwelcome harassment; (3) the harassment was based on [her] disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis exists to impute liability for the harassment to the employer." *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 177 (4th Cir. 2001).

The Board contends that Teasdell was not "disabled" for the purposes of the ADA. ECF No. 23-2 at 14-15. The existence of a disability is determined "on a case-by-case basis." *Albertson's v. Kirkingburg*, 527 U.S. 555, 566 (1999). A person is "disabled" under the ADA when that person "(A) [has] a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) [is] . . . regarded as having such an impairment." 42 U.S.C. § 12102(1); *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 273 (4th Cir.2004). "Major life activities" include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A).

8

Here, Teasdell's medical records do not show, nor has she stated, which major life activity she was substantially limited in performing.[11]  Teasdell's medical records merely show that-- after the June 23, 2011 injury--she was on light duty work from June 29, 2011 until October 4, 2011.  ECF Nos. 23-16 at 1; 23-25 at 12.  "[T]emporary impairments" generally are not considered "a substantial limitation on a major life activity."  *Pollard v. High's of Baltimore, Inc.*, 281 F.3d 462, 468-69 (4th Cir. 2002) (nine-month absence because of surgery to repair a back injury insufficient to show a substantial limitation on a major life activity).  That Teasdell was performing light duty work when Todd allegedly took her photograph is insufficient to establish disability under the ADA.

Similarly, there is no indication that the Board "regarded" Teasdell as having an impairment when Baker asked Teasdell to install new light bulbs.  Even if--six months after her June 23, 2011 injury--Teasdell was medically excused from climbing ladders, ECF No. 23-16 at 1, "[a]n impairment is substantially limiting when it 'prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives.'"  *Lyons v. Shinseki*, 454 F. App'x 181,

---

[11] It was not until October 16, 2012, that Dr. Malik recommended no prolonged standing or walking.  ECF No. 23-25 at 21.  It was not until July 26, 2013, that Teasdell requested an ADA accommodation to use a cane and sit when necessary.  ECF No. 23-24 at 3.

183 (4th Cir. 2011)(*quoting Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 198 (2002))(inability to lift more than 20 pounds as part of job requirements was insufficient to establish a substantial limitation on a major life activity).

Accordingly, a reasonable jury could not infer that Teasdell was disabled under the ADA during the incidents that allegedly established a hostile work environment; thus, she cannot prove the necessary elements of a hostile work environment claim.  The Board is entitled to summary judgment.

III. Conclusion

For the reasons stated above, the Board's motion for summary judgment will be granted.

_12/16/14_
Date

_____
William D. Quarles, Jr.
United States District Judge